IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:13-CV-00210-FL

| | | |
|---|---|---|
| BESSIE EVANS, ON BEHALF OF THE ESTATE OF HER DAUGHTER, JEANIE EVANS; and CONNIE NORTHINGTON, ON BEHALF OF THE ESTATE OF SHARONDA HENDRICKS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| PMT EXPRESS, LLC a/k/a PAUL MILLER TRUCKING; PAUL MILLER TRUCKING, INC. d/b/a PAUL MILLER TRUCKING, INC.; and JAMES PHILIP MYERS, JR., | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes now before the court on defendants' motion to dismiss punitive damages claims (DE 45) and plaintiffs' motion for protective order (DE 48). The court addresses these motions below.

BACKGROUND

Plaintiffs' allegations are framed in its second amended original complaint (DE 41) to which reference is made. Plaintiffs, duly appointed administrators, seek to recover on behalf of the deceased, for the wrongful deaths of Jeanie Evans and Sharonda Hendricks on account of the alleged actions of defendants. The two women were pulled over on I-95 July 11, 2012, in Ms. Evans's disabled vehicle, when the car was struck and they were killed upon impact of a 2003 Freightliner

driveN by the individual defendant, which vehicle was owned by the corporate defendants.

Plaintiffs allege that defendant James Philip Myers, Jr. ("Myers") was speeding, and not paying attention at the time. Plaintiffs assert that defendant Myers is individually liable for his own illegal, improper, and negligent actions, and that the corporate defendants similarly are liable for those actions of the employee, defendant Myers, and for their own wrongful actions. The corporate defendants are asserted to have been negligent in the hiring, training, supervision, and retention of defendant Myers, among other things.

Defendants deny liability. They assert contributory negligence among a host of alleged defenses. In answer, they also protest any entitlement to punitive damages. That protest is developed in the contemporaneously filed motion to dismiss at issue here.

Discovery is subject to the terms and conditions of the court's case management order, entered October 22, 2013. In its order, the court noted that discovery in this case may be governed by a protective order. It guided the parties to consider jointly need for any order where "[i]f the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable." The court also held that "[i]f the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum." Discovery is just beginning, and plaintiffs now have moved for a protective order, anticipating defendants' responses in discovery will implicate need for one. Defendants disagree about the need at this time for such an order, and object to proposed content concerning certain treatment of information.

COURT'S DISCUSSION

A.    Motion to Dismiss

Defendants argue that plaintiff's punitive action claim must fail. Punitive damages are available under North Carolina law in order to punish a defendant for egregious acts and to deter both the defendant and others from committing similar acts in the future. N.C.G.S. § 1D-1; Harrell v. Bowen, 362 N.C. 142 (N.C. 2008). A plaintiff, however, may only recover punitive damages where he or she proves that the defendant is liable for compensatory damages, and the action involves either fraud, malice, or willful or wanton conduct. N.C.G.S. § 1D-15(a). Under North Carolina law, punitive damages may only be awarded against a corporation when the corporation's officers, directors, or managers participated in or condoned the conduct that gave rise to punitive damages. N.C. Gen. Stat. § 1D-15(c).

Defendants maintain that plaintiffs fail to state a plausible claim for punitive damages. As to the individual defendant, they assert failure to plausibly show willful or wanton conduct. They speak of "unadorned allegations" which are little more than conclusory statements of alleged wrongdoing by the corporate defendants. However, upon its review, the court does not find the pleading "clearly insufficient or frivolous on its face." The allegations amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, plaintiffs allege facts that give "fair notice of what the claim is and the grounds on which it rests." Id. At this stage, plaintiff need not identify more specifically the alleged wrongdoing by defendants, as there is a "reasonable expectation that discovery will reveal evidence" of such. Id.

"Willful or wanton" conduct is defined as the "conscious and intentional disregard of and

3

the indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage or other harm." N.C. Gen. Stat. § 1D-5(7). Plaintiff has alleged sufficient facts to establish failure to perform an obligation. Whether any defendant acted with "conscious and intentional disregard" is a matter that may become more clear with further discovery. At this early stage, where discovery is just getting underway, foreclosing plaintiff's claim for punitive damages on a Rule 12(b)(6) motion, under the circumstances at issue in this case, would be premature. Defendants' motion to dismiss is denied.

B.      Motion for Protective Order

The protective order of the type sought by plaintiffs is one customarily negotiated in advance of subject discovery or upon some production or request implicating information one side or the other would seek to protect. Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone in this case on October 14, 2013, with plaintiffs appearing through counsel James H. Hada, Matthew S. Finkelstein, and Meredith S. Hinton, and defendants appearing through counsel Harold C. Spears and Christopher P. Raab. Presumably, discussions were undertaken then about the need for an order.

While not wanting to discourage plaintiffs' initiative here, the court denies the motion as moot for some of the reasons argued by defendants. Defendants have not yet had to respond in discovery, though soon they will. It certainly would be in the parties' best interests if, as asserted, defendants will seek to withhold documents on basis of confidentiality or trade secret, not to litigate the propriety of such withholding but, rather, to come to terms soon about how any discoverable information of this sensitive nature should be treated. The parties shall confer again about the need for a protective order, make reference to the court's case management order, and endeavor to come

4

to some appropriate agreement on form.

## CONCLUSION

For reasons given, defendants' motion to dismiss punitive damages claims (DE 45) is DENIED. Where plaintiffs' motion for protective order (DE 48) is an anticipatory one, directed towards defendants, said motion is DENIED as MOOT, without prejudice to renewal upon some showing that defendants are refusing to disclose discoverable information. In that instance, the motion shall be raised in the context of a motion to compel. If one side or the other would seek to protect certain information before giving it over to the other side, and request the court to consider a form of protective order, the sides shall confer and as ordered, endeavor to reach agreement as to form, with reference also to the court's case management order.

SO ORDERED, this the 24th day of December, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge